## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **CHANCE BAUCUM, individually and on behalf of all others similarly situated** | § § § | **Docket No. _____** |
| **Plaintiff,** | § § § | |
| **v.** | § § | **JURY TRIAL DEMANDED** |
| **MARATHON OIL CORPORATION** | § § § | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |
| **Defendant.** | § § | |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### I.   SUMMARY

1.      Chance Baucum ("Baucum" or "Plaintiff") brings this lawsuit to recover unpaid overtime wages and other damages from Marathon Oil Corporation ("Marathon" or "Defendant") under the Fair Labor Standards Act ("FLSA").

2.      Plaintiff and the other workers like him regularly worked for Defendant in excess of 40 hours each week. But these workers never received overtime for hours worked in excess of 40 hours in a single workweek. Instead of paying overtime as required by the FLSA, Defendant improperly classified Plaintiff and those similarly situated as independent contractors and paid them a daily rate with no overtime compensation. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### II.   JURISDICTION AND VENUE

3.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

5.      Defendant conducts substantial business operations in this District and Division.

6.      Plaintiff worked extensively on behalf of Defendant in this District and Division

during the operative time period.

### III.   THE PARTIES

7.      Plaintiff worked for Defendant as a Health, Safety and Environment ("HSE") Advisor from approximately June 2013 until June 2016. Throughout his employment with Defendant, he was paid a day-rate with no overtime compensation and was classified as an independent contractor.  His consent to be a party plaintiff is attached as Exhibit A.

8.      Plaintiff brings this action on behalf of himself and all other similarly situated workers who were classified as independent contractors and paid by Defendant's day-rate system. Defendant paid each of these workers a flat amount for each day worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in accordance with the FLSA. The class of similarly situated employees or potential class members sought to be certified is defined as follows:

> **ALL CURRENT AND FORMER OILFIELD WORKERS EMPLOYED BY MARATHON OIL CORPOPRATION WHO WERE CLASSIFIED AS INDEPENDENT CONTRACTORS AND PAID A DAY-RATE INSTEAD OF TIME AND ONE-HALF FOR HOURS WORKED IN EXCESS OF FORTY (40) HOURS IN A WORKWEEK DURING THE LAST THREE (3) YEARS.**

9.      Defendant, **Marathon Oil Corporation**, may be served by serving its registered agent for service of process, **C T Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201**.

### IV.   COVERAGE UNDER THE FLSA

10.     At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11.     At all times hereinafter mentioned, Defendant has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12.     At all times hereinafter mentioned, Defendant has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

13.     At all times hereinafter mentioned, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

14.     As will be shown through this litigation, Defendant treated Plaintiff (and indeed all of its workers that it classified as independent contractors and paid a daily rate to without overtime compensation) as employees and uniformly dictated the pay practices Plaintiff and its other workers (including its so-called "independent contractors") were subjected to.

15.     Defendant's misclassification of Plaintiff and the Putative Class Members as independent contractors does not alter their status as employers for purposes of this FLSA collective action.

## V.     FACTS

16.     Marathon is a global oil and gas exploration and production company operating worldwide and throughout the United States, including in Texas. In order to provide services to many of its customers, Marathon contracts with certain companies to provide it with employees to perform the necessary work.

17.     Many of these individuals worked for Defendant on a day-rate basis, were misclassified as independent contractors, and make up the proposed Putative Class. While exact job

3

titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work. Specifically, Defendant classified all of these workers as independent contractors and paid them a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek) and failed to provide them with overtime pay for hours that they worked in excess of 40 hours in a workweek.

18.     For example, Plaintiff Chance Baucum worked for Defendant as a HSE Advisor from approximately June 2013 to June 2016. Throughout his employment with Defendant, he was classified as an independent contractor and paid on a day-rate basis.

19.     As a HSE Advisor, Plaintiff's primary job duties (and the job duties of all other HSE Advisors employed by Marathon who were classified as independent contractors and paid a day-rate) included ensuring jobsites were in compliance with company and governmental rules and regulations, investigating workplace injuries, conducting safety meetings, and filling out reports. Plaintiff worked well in excess of 40 hours each week while employed by Defendant, often for weeks at time.

20.     The work Plaintiff performed was an essential part of Defendant's core business.

21.     During Plaintiff's employment with Defendant while he was classified as an independent contractor, Defendant exercised control over all aspects of his job.  Defendant did not require any substantial investment by Plaintiff in order for him to perform the work required of him. Defendant determined Plaintiff's opportunity for profit and loss. Plaintiff was not required to possess any unique or specialized skillset (other than that maintained by all other workers in his respective position) to perform his job duties.  Plaintiff worked extensively for Defendant as an independent contractor from approximately June 2013 to June 2016.

22.     Indeed, Defendant controlled all of the significant or meaningful aspects of the job duties performed by Plaintiff.

4

23.     Defendant ordered the hours and locations Plaintiff worked, tools used, and rates of pay received.

24.     Even though Plaintiff often worked away from Defendant's offices without the presence of a direct supervisor employed by Defendant, Defendant still controlled all aspects of Plaintiff's job activities by enforcing mandatory compliance with Defendant's and/or its client's policies and procedures.

25.     No real investment was required of Plaintiff to perform his job.  More often than not, Plaintiff utilized equipment provided by Defendant to perform his job duties.  Plaintiff did not provide the equipment he worked with on a daily basis.  Defendant and/or its clients made the large capital investments in buildings, machines, equipment, tools, and supplied in the business in which Plaintiff worked.

26.     Plaintiff did not incur operating expenses like rent, payroll, marketing, and insurance.

27.     Plaintiff was economically dependent on Defendant during his employment.

28.     Defendant set Plaintiff's rates of pay, his work schedule, and prohibited him from working other jobs for other companies while he was working on jobs for Defendant.

29.     Defendant directly determined Plaintiff's opportunity for profit and loss.  Plaintiff's earning opportunity was based on the number of days Defendant scheduled him to work.

30.     Very little skill, training, or initiative was required of Plaintiff to perform his job duties.

31.     Indeed, the daily and weekly activities of the Putative Class Members were routine and largely governed by standardized plans, procedures, and checklists created by Defendant and/or its clients. Virtually every job function was pre-determined by Defendant and/or its clients, including the tools to use at a job site, the data to compile, the schedule of work, and related work duties. The Putative Class Members were prohibited from varying their job duties outside of the pre-

determined parameters. Moreover, the job functions of the Putative Class Members were primarily manual labor/technical in nature, requiring little to no official training, much less a college education or other advanced degree.   The Putative Class Members did not have any supervisory or management duties.   Finally, for the purposes of an FLSA overtime claim, the Putative Class Members performed substantially similar job duties related to servicing oil and gas operations in the field.

32.   Plaintiff performed routine manual and technical labor duties that were largely dictated by Defendant and/or its clients.

33.   Plaintiff worked for Defendant from approximately June 2013 to June 2016 as an independent contractor. Plaintiff was not employed by Defendant on a project-by-project basis.  In fact, while Plaintiff was classified as an independent contractor, he was regularly on call for Defendant and/or its clients and was expected to drop everything and work whenever needed.

34.   All of the Putative Class Members perform the same or similar job duties and are subjected to the same or similar policies and procedures, which dictate the day-to-day activities performed by each person.

35.   The Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice. The Putative Class Members all worked in excess of 40 hours each week and were often scheduled for 12 hour shifts for weeks at a time. Instead of paying them overtime, Defendant paid the Putative Class Members a day-rate and misclassified them as independent contractors.  Defendant denied the Putative Class Members overtime for any and all hours worked in excess of 40 hours in a single workweek.

36.   Defendant's policy of failing to pay its independent contractors, including Plaintiff, overtime violates the FLSA because these workers are, for all purposes, employees performing non-exempt job duties.

6

37.     It is undisputed that the contractors are maintaining and working with oilfield machinery, performing manual labor, and working long hours out in the field.

38.     Because Plaintiff (and Defendant's other independent contractors) was misclassified as an independent contractor by Defendant, he should receive overtime for all hours that he worked in excess of 40 hours in each workweek.

39.     Defendant's day-rate system violates the FLSA because Plaintiff and those similarly situated did not receive any overtime pay for hours worked over 40 hours each week.

## VI.     FLSA VIOLATIONS

40.     As set forth herein, Defendant has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

41.     Defendant knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Putative Class Members overtime compensation. Defendant's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

42.     Accordingly, Plaintiff and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

## VII.     COLLECTIVE ACTION ALLEGATIONS

43.     Plaintiff incorporates all previous paragraphs and alleges that the illegal pay practices Defendant imposed on Plaintiff were likewise imposed on the members of the Class.

44.     Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

45.     Numerous other individuals who worked with Plaintiff indicated they were improperly classified as independent contractors, paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

46.     Based on his experiences and tenure with Defendant, Plaintiff is aware that Defendant's illegal practices were imposed on the members of the Class.

47.     The members of the Class were all improperly classified as independent contractors and not afforded the overtime compensation when they worked in excess of forty 40 per week.

48.     Defendant's failure to pay wages and overtime compensation at the rates required by federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the members of the Class.

49.     Plaintiff's experiences are therefore typical of the experiences of the members of the Class.

50.     The specific job titles or precise job locations of the various members of the Class do not prevent class or collective treatment.

51.     Plaintiff has no interests contrary to, or in conflict with, the members of the Class. Like each member of the Class, Plaintiff has an interest in obtaining the unpaid overtime wages owed under federal law.

52.     A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

53.     Absent this action, many members of the Class likely will not obtain redress of their injuries and Defendant will reap the unjust benefits of violating the FLSA.

54.     Furthermore, even if some of the members of the Class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.

55.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

56.     The questions of law and fact common to each of the members of the Class predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a.   Whether Defendant employed the members of the Class within the meaning of the FLSA;

   b.   Whether the members of the Class were improperly misclassified as independent contractors;

   c.   Whether Defendant's decision to classify the members of the Class as independent contractors was made in good faith;

   d.   Whether Defendant's decision to not pay time and a half for overtime to the members of the Class was made in good faith;

   e.   Whether Defendant's violation of the FLSA was willful; and

   f.   Whether Defendant's illegal pay practices were applied uniformly across the nation to all members of the Class.

57.     Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and the members of the Class sustained damages arising out of Defendant's illegal and uniform employment policy.

58.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

59. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## X.    JURY DEMAND

60. Plaintiff demands a trial by jury.

## XI.    RELIEF SOUGHT

61. WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a. An Order designating the Potential Putative FLSA Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff and the Potential Putative FLSA Class for liquidated damages equal in amount to their unpaid compensation;

c. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

d. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: _/s/ Michael A. Josephson_

**Michael A. Josephson**
Fed. Id. 27157
State Bar No. 24014780
**Andrew W. Dunlap**
Fed Id. 1093163
State Bar No. 24078444
**Lindsay R. Itkin**
Fed Id. 1458866
State Bar No. 24068647
**Jessica M. Bresler**
Fed Id. 2459648
State Bar No. 24090008
**FIBICH, LEEBRON, COPELAND,**
**BRIGGS & JOSEPHSON**
1150 Bissonnet
Houston, Texas 77005
713-751-0025 – Telephone
713-751-0030 – Facsimile
mjosephson@fibichlaw.com
adunlap@fibichlaw.com
litkin@fibichlaw.com
jbresler@fibichlaw.com

**AND**

**Richard J. (Rex) Burch**
Fed. Id. 21615
State Bar No. 24001807
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

11